James Wesley BILYEU *v.* STATE of Arkansas

CR 98-1480                                         27 S.W.3d 400

Supreme Court of Arkansas
Opinion delivered October 5, 2000

*Hurst Law Offices*, by: *Q. Byrum Hurst, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *O. Milton Fine II*, Ass't Att'y Gen., for appellee.

PER CURIAM. James Wesley Bilyeu was found guilty in 1996 of second-degree murder and sentenced to thirty years' imprisonment. A fine of $15,000 was also imposed. The Arkansas Court of Appeals affirmed. *Bilyeu v. State*, CA CR 97-505 (Ark. App. February 4, 1998). Bilyeu subsequently filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The petition was denied without a hearing, and the appeal of that order was lodged. The appellee sought by motion to remand the matter to the trial court for written findings of fact. The appellant agreed that written findings should have been entered, and he also requested an evidentiary hearing. We granted the State's motion to remand in *Bilyeu v. State*, CR 98-1480 (April 15, 1999). The trial court determined that a hearing was necessary, and after taking evidence, the court denied appellant's petition by order dated July 8, 1999. Appellant now challenges the court's July 8 order denying his Rule 37 petition.

First, we must address the State's contention that appellant failed to perfect his appeal from the July 8 order. The State argues that appellant did not file a notice of appeal from the July 8 order which was the final controlling order in the case. We agree.

■ Whether appellant filed an effective notice of appeal is always an issue before the appellate court. Absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *See Pannell v. State*, 320 Ark. 250, 895 S.W.2d 911 (1995). A notice of appeal must be filed within thirty days from the date of entry of an order denying a petition for postconviction relief under Ark. R. Crim. P. 37. Ark. R. App. P. 2(a)(4). The notice of appeal shall identify the judgment or order being appealed. Ark. R. App. P. 2(a)(4).

■ In this case, we granted the State's motion to remand for the trial court to enter written findings or to hold a hearing if necessary; we also issued a writ of certiorari for the trial court to forward a complete record to our Court. We made the writ returnable on or before May 15, 1999. Because the trial court found it necessary to hold a hearing, the State requested an extension of time for return of the writ. We granted the State's motion and extended the time period for return of the writ to July 14, 1999. Unfortunately, appellant failed to file a notice of appeal from the July 8 order. Because appellant failed to perfect the appeal from the July 8 order, we dismiss the appeal.

Dismissed.