331 F.3d 1117
 Gui Juan ZHANG, Plaintiff-Appellant,
v.
DEPARTMENT OF LABOR & IMMIGRATION; The Government of The Commonwealth of the Northern Mariana Islands; Isidro T. Cabrera, in his individual capacity; Tricia Aguon, in her individual capacity, Defendants-Appellees.
 No. 02-15559.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 14, 2003.
 Filed June 12, 2003.
 
 Joe Hill, Saipan, MP, for the Plaintiff-Appellant.
 Karen M. Klaver, Office of the Attorney General, Saipan, MP, for the Defendants-Appellees.
 Appeal from the District Court of the North Mariana Islands; Alex R. Munson, Chief Judge, Presiding. D.C. No. CV-98-00012-00ARM.
 Before SCHROEDER, Chief Judge, GOODWIN, and TASHIMA, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 This case involves the proper application of principles of res judicata and the supplemental jurisdiction provisions of 28 U.S.C. § 1367. The case arises out of the rape of the plaintiff, Gui Juan Zhang, by defendant Captain Isidro T. Cabrera, of the CNMI Division of Immigration Services ("DIS") in November 1996, while the plaintiff was in DIS custody. She was released in January 1997.
 
 
 2
 Zhang filed her complaint in the federal district court in March 1998 alleging federal claims of violation of 42 U.S.C. § 1983, the Violence Against Women Act, and also alleging negligence under CNMI law. She later amended her complaint to add a claim for an unlawful search and seizure in violation of the CNMI Constitution and a CNMI negligence claim based on respondeat superior. For the CNMI law claims, the plaintiff invoked the supplemental jurisdiction of the district court pursuant to 28 U.S.C. § 1367. The parties do not dispute the complaint was filed well within both the state and federal statutes of limitations.
 
 
 3
 Pursuant to § 1367(c), the district court declined to exercise jurisdiction over the CNMI claims because they raised novel issues of commonwealth law that the court determined should be litigated in commonwealth court. In November 1998, the federal court dismissed the commonwealth claims. The statute of limitations on Zhang's commonwealth law claims expired on January 22, 1999. In March 1999, Zhang initiated her action in CNMI court, and the CNMI court dismissed the claims as untimely. When she appealed the statute of limitations issue to the CNMI Supreme Court, the federal district court stayed the federal action pending the decision of the CNMI courts. The CNMI Supreme Court ultimately held that the CNMI law claims were barred by the statute of limitations. See Zhang v. Commonwealth of the N. Mar. I., No. 99-032, slip op. at ¶ 17 (N. Mar. I. Dec. 12, 2000). It did so because the commonwealth limitations period had expired and Zhang did not commence her action in CNMI court within the thirty-day window 28 U.S.C. § 1367(d) permits for state court filing after a federal court dismissal. See id.
 
 
 4
 When the plaintiff came back to the federal court to amend the complaint so the CNMI law claims could be litigated in federal court, the district court gave preclusive effect to the CNMI court's holding that the claims were barred by the statute of limitations. The district court therefore refused to permit the amendment to reinstate the claims as originally pleaded. Thus, although the plaintiff timely filed all claims in federal court, she has never been permitted to litigate the CNMI law claims. She appeals from the district court's order refusing the plaintiff's motion to amend the complaint.
 
 
 5
 While the facts are somewhat complex, the appeal boils down to the question of whether the district court properly gave preclusive effect to the CNMI Supreme Court's decision on the statute of limitations. We hold that the district court did not. A dismissal on statute of limitations grounds generally does not bar a subsequent action in a different forum when the limitations period in the second forum is longer than the first, and has not yet expired. See Restatement (Second) of Judgments § 19 cmt. f & Reporter's Note to cmt. f; see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 504, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). The statute of limitations would not bar Zhang's claims in the second forum, federal court, because she had a timely-filed federal complaint still pending. Her commonwealth law claims arose out of the same events, and therefore relate back to the timely-filed complaint under Federal Rule of Civil Procedure 15. See Bowles v. Reade, 198 F.3d 752, 763 (9th Cir.1999) (holding that statute of limitations does not bar an amended complaint that relates back to the original complaint).
 
 
 6
 Additionally, we have recognized that res judicata should not apply to a previous dismissal that was based on the statute of limitations if the effect of the bar would be unfair. See Marin v. Hew, 769 F.2d 590, 593 (9th Cir.1985). Zhang's denial of a forum, alone, is not the type of unfairness that overcomes the application of res judicata principles. See id. at 594. Here, however, not only did the plaintiff originally timely plead the commonwealth claims in federal court, she was permitted to amend her federal complaint to reassert the claims after the CNMI trial court ruling on the statutory bar. The district court then stayed the entire matter for two years, pending the outcome of Zhang's appeal to the CNMI Supreme Court on the issue of whether her claims were time-barred in the CNMI courts. By doing so, the district court sent the message that it would hear Zhang's claims if CNMI courts would not. On these facts, we conclude the belated application of res judicata to bar litigation of the claims in federal court would have an unfair effect.
 
 
 7
 The judgment of the district court dismissing the CNMI claims on res judicata grounds is REVERSED, and the matter is REMANDED for further proceedings.