2010 Ark. 118

**Kristi LINDSEY and Susan Ellis, Appellants,**

v.

**Gary GREEN and Law Offices of Gary Green, Appellees.**

No. 09–453.

Supreme Court of Arkansas.

March 11, 2010.

Cathleen Compton and Timothy O. Dudley, Little Rock, for appellants.

James Dunham, Russellville, for appellees.

**JIM GUNTER, Justice.**

Appellants appeal the grant of summary judgment in favor of Gary Green and Law Offices of Gary Green,[1] which was granted on the basis that res judicata would not have barred appellants from pursuing an action in state court after dismissal of their federal action. Green cross-appeals the court's denial of its motion for costs associated with the litigation. We accepted certification of this case from the court of appeals, pursuant to Ark. Sup. Ct. R. 1–2(d), as an appeal involving an issue of first impression and needing clarification and development of the law. Therefore, we have jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(b)(1) and (5). We affirm the grant of summary judgment and dismiss the cross-appeal.

On October 4, 1999, appellants filed a Title VII action in the United States District Court for the Eastern District of Arkansas, alleging that they were subjected to acts of sexual harassment by two co-workers while employed at Kroger and that Kroger delayed any action in preventing the harassment until July 17, 1999, when the co-workers were fired. On March 21, 2000, Kroger's motion for summary judgment was granted based on ap-

---

1. Gary Green and the Law Offices of Gary Green will herein be referred to collectively as "Green."

pellants' failure to exhaust their administrative remedies by filing charges with the Equal Employment Opportunity Commission (EEOC) and obtaining a "right-to-sue" letter. Appellants' claim was dismissed with prejudice.

On July 17, 2000, after obtaining new counsel, appellants filed a complaint in the Pulaski County Circuit Court against their previous counsel, Diane Sexton and Kelli Cashion. The complaint alleged that Sexton and Cashion had assured appellants that there was no need to first file a charge with the EEOC before filing suit in federal court; that the legal advice given by their counsel was wrong; that counsel had been negligent; that because of counsel's negligence, they had been barred from refiling their lawsuit; and that they had suffered and would continue to suffer personal and economic injuries as a result of counsel's negligence. On December 8, 2000, appellants amended their complaint to add defendant Green. The amended complaint alleged that following the filing of the complaint in federal court, but prior to the dismissal of the complaint, Sexton had become an employee of Green, and that during that time, the complaint could have been amended to include causes of action under state law, such as the tort of outrage, a claim for negligent hiring and retention, and a claim of discrimination under the Arkansas Civil Rights Act. But, once the federal court dismissed the case, these claims became barred by the doctrine of collateral estoppel. Appellants alleged that failure to raise those claims was negligent and that Green was vicariously liable for the acts and omissions of Sexton.

On January 3, 2001, Green answered and argued that any negligence and resulting damages were proximately caused by Sexton and Cashion. Green also filed a cross-claim against Sexton and Cashion seeking judgment against them for any alleged professional negligence committed by Sexton that might be imputed to Green. Between December 2004 and February 2008, Green filed three motions for summary judgment. The latest motion was filed on February 15, 2008. In that motion, Green argued that they could not be held liable for failing to timely file a complaint with the EEOC because the time in which to file such a complaint expired prior to the time Sexton began working for Green. Green also argued that they did not, as a matter of law, breach the standard of care or cause any damage to Lindsey and Ellis by not amending the federal complaint or dismissing it prior to the entry of summary judgment. Green asserted that res judicata did not bar state law claims from being filed in state court, and it was the plaintiffs' own failure to refile their action in state court before the statute of limitations expired that caused their damage.

On March 19, 2008, appellants filed a response, arguing that Green was incorrect on the law; that the dismissal of the federal action for failure to obtain a right-to-sue letter was a decision on the merits for purposes of res judicata; and that they were thus barred from pursuing any state causes of action. Green replied that appellants' response was not timely and that they had failed to meet proof with proof to demonstrate the existence of a material issue of fact. Also, on July 16, 2008, Green filed a motion for costs, asserting that it had filed offers of judgment to each plaintiff that had been rejected and that it was entitled to costs in the amount of $5,955.51 under Ark. R. Civ. P. 68. Appellants responded to this motion by arguing that the offers of judgment were not made in accordance with Rule 68; that the offers were not bona fide offers; and that the costs claimed by Green were not authorized by statute.

On January 20, 2009, the court entered an order granting summary judgment to Green. The order stated

Plaintiffs cannot prove causation because the Federal District Court dismissed the Title VII action due to Plaintiffs' failure to file charges of discrimination with the EEOC and never received a "right to sue" letter.

Had there been a final judgment on the merits, res judicata would have applied to any pendent claims. State claims, including the tort of outrage, were not barred by the statute of limitations at the time that the representation of Defendants, Gary Green and the Law Offices of Gary Green, were terminated.

On January 23, 2009, the court entered an order denying Green's motion for costs because the offers of judgment were not bona fide offers. On January 30, 2009, appellants filed a motion to nonsuit their claims against Sexton and Cashion without prejudice, which was granted on February 5, 2009. And on February 3, 2009, the court entered an order dismissing Green's cross-claim against Sexton and Cashion as moot.[2] Appellants then filed a timely notice of appeal from the grant of summary judgment on February 12, 2009, and Green filed a notice of cross-appeal on February 24, 2009.

The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Jackson v. Blytheville Civ. Serv. Comm'n*, 345 Ark. 56, 43 S.W.3d 748 (2001). The evidence is viewed most favorably for the person resisting the motion, and any doubts or inferences are resolved against the moving party. *Id.* But in a case where the parties agree on the facts, this court simply determines whether the appellee was entitled to judgment as a matter of law. *Id.*

The concept of res judicata has two facets, one being issue preclusion and the other claim preclusion. *Carwell Elevator Co. v. Leathers*, 352 Ark. 381, 101 S.W.3d 211 (2003). Under claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim. *Id.* Res judicata bars not only the relitigation of claims which were actually litigated in the first suit, but also those that could have been litigated. *Id.* Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.* However, res judicata is only applicable when the party against whom the earlier decision is being asserted had a fair and full opportunity to litigate the issue in question. *Cater v. Cater*, 311 Ark. 627, 846 S.W.2d 173 (1993).

On appeal, appellants argue that Green was incorrect in its argument that the dismissal of the federal action was not a dismissal on the merits so as to trigger res judicata. In support, appellants cite *Mills v. Convalescent Home*, 872 F.2d 823 (8th Cir.1989), and *Francis v. Francis*, 343 Ark. 104, 31 S.W.3d 841 (2000). In *Mills*, the plaintiff was barred from pursuing a second federal complaint after the first federal complaint had been dismissed as untimely. The court stated that "disposition of a Title VII action as untimely filed is a decision on the merits for purposes of

2. This order also granted summary judgment to appellant Kristi Lindsey on a counterclaim filed against her by appellee Diane Sexton; however, this grant of summary judgment is not at issue on appeal.

res judicata." *Mills,* 872 F.2d at 826. And in *Francis,* this court held that the prejudicial dismissal of a father's suit against his son, pursuant to a settlement agreement, barred a subsequent suit based on the same transaction. In that case, we noted that "[d]ismissal with prejudice is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial." *Francis,* 343 Ark. at 112, 31 S.W.3d at 846. Appellants also cite a court of appeals case that discusses res judicata at length and quotes comment (e) to Section 25 of the Restatement (2d) of Judgments:

> *State and federal theories or grounds.* A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

*Coleman's Serv. Ctr., Inc. v. Fed. Deposit Ins. Corp.,* 55 Ark.App. 275, 295, 935 S.W.2d 289, 300 (1996). Appellants assert that, under the above case law, the federal court clearly had jurisdiction of the Title VII claim as well as state-law causes of action under pendent jurisdiction, and because there were no state-law claims asserted and the federal suit was dismissed with prejudice, res judicata now bars the assertion of the state claims in state court.

Appellants argue that Green can and should be held liable for its negligence in failing to assert or preserve those state-law claims.

Appellants also distinguish a case relied on by Green, *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). In *Semtek,* a defendant removed a California state-court suit to a California federal district court based on diversity of citizenship, and then successfully moved to dismiss the case "on the merits" as barred by California's statute of limitations. The plaintiff then brought suit in a Maryland Circuit Court, alleging the same causes of action, which were not time barred under Maryland's statute of limitations. That court dismissed the case on the ground of res judicata, and the dismissal was affirmed by the Maryland Court of Special Appeals. The United States Supreme Court held that because the claim-preclusive effect of a federal court's dismissal "upon the merits" of a diversity action on state statute-of-limitations grounds is governed by a federal rule, which in turn (in diversity cases) incorporates the claim-preclusion law that would be applied by state courts in the state in which the federal court sits, the Maryland Court of Special Appeals erred in holding that the California federal court's dismissal "upon the merits" necessarily precluded the Maryland state-court action. Appellants assert that *Semtek*'s applicability is debatable, since it was a diversity case and the case at bar involves a federal question, and further, *Semtek* did nothing more than establish that the preclusive effect of a federal judgment is governed by the law of the state in which the district court sits. And, under Arkansas law, res judicata would bar any claims that could have been brought in federal court.

Finally, appellants contend that the case at bar is similar to *Arkansas Louisiana*

*Gas Co. v. Taylor,* 314 Ark. 62, 858 S.W.2d 88 (1993). In that case, Taylor filed suit in federal court seeking to cancel or reform a number of oil and gas leases and for other relief. The federal court found in favor of the appellant gas company, and the Eighth Circuit Court of Appeals affirmed. Three years later, Taylor was a member of the class in a class action against the gas company in state court, but the company argued that Taylor could not participate in the class action because his rights had been settled by the federal court and his claims were now barred by res judicata and collateral estoppel. The trial court disagreed, but this court reversed and held that res judicata did bar Taylor from participating as a claimant in the class-action suit, even though some of the claims in the class action were not litigated previously. This court stated, "Appellants take the position that Taylor's present claim for relief could have been raised by him in *Taylor v. Arkansas Louisiana Gas Co.,* 604 F.Supp. 779 (W.D.Ark.1985), and the judgment rendered against Taylor in that case constitutes a complete bar to any recovery in this case. We agree." *Taylor,* 314 Ark. at 66, 858 S.W.2d at 90. In the case at bar, appellants assert that, by the same token, the state claims of outrage, negligent hiring, and discrimination could have been raised in federal court but were not, and those claims are now barred by res judicata.

In response, Green argues that the circuit court correctly determined that res judicata did not bar appellants' state claims.[3] Green argues that, while the federal court's order stated it was dismissing "with prejudice," that order only precluded

further action based upon Title VII claims and not the pursuit of any state-law claims, as those claims were not raised to or adjudicated by the federal court. Green attempts to distinguish *Francis* by noting that in that case the parties had entered into actual litigation and the application of res judicata was "understandable due to the explicit language of the settlement and the order of dismissal." Green similarly distinguishes *Arkansas Louisiana Gas Co.* by noting that Taylor's first suit was fully litigated through the appellate level. In contrast, Green argues, the appellant in this case never had a full and fair trial at the federal level but instead had their action "kicked out" of court for failing to obtain a right-to-sue letter. Green also cites *Stokes v. Lokken,* 644 F.2d 779 (8th Cir.1981) for the proposition that summary judgment has "no bearing" on any state-law cause of action. In *Stokes,* a federal action that contained both federal statutory claims and state claims was decided on a grant of summary judgment. The order did not mention the state-law claims explicitly, but the Eighth Circuit reasoned that "[j]urisdiction of the state-law claims was pendent only, however, and when federal claims are dismissed before trial, the normal practice is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish." *Id.* at 785. Green contends that, based on this case, we should conclude that "any state law causes of action based upon the same facts are not impacted by the federal claim dismissal. It is irrelevant whether the state law claims were filed in the federal litigation or simply held for the state

---

**3.** We recognize that Green raised numerous additional arguments in his brief; however, these arguments were either not raised below, were not ruled upon by the circuit court, or are otherwise irrelevant. Therefore, we will

address only those arguments pertaining to the basis of the circuit court's grant of summary judgment, namely that res judicata did not bar appellants' state law claims at the time they terminated the services of Green.

courts."[4]

Green emphasizes that the issues in appellants' federal action were not "fully and fairly litigated" and that res judicata applies "only when the party against whom the earlier decision is being asserted had a fair and full opportunity to litigate the issue in question." *Cater*, 311 Ark. at 632, 846 S.W.2d at 176. Green also asserts that *Semtek, supra,* is squarely on point because in that case a federal claim was dismissed with prejudice, but the Supreme Court still held that it was not necessarily claim-preclusive as to state-law claims. Green also cites *Zhang v. Department of Labor & Immigration,* 331 F.3d 1117 (9th Cir.2003), for the proposition that a dismissal on statute-of-limitations grounds does not generally bar a subsequent action in a different forum when the limitations in the second forum is longer than the first and has not yet expired. In conclusion, Green reiterates that, because the state-law claims were not barred by res judicata, appellants could have filed the state-law claims within the applicable statute of limitations after they retained new counsel, so Green is not liable for any harm to appellants.

We agree that appellants' state-law claims were not barred by res judicata at the time they discharged Green. In *Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), the Supreme Court held that a dismissal for failure to satisfy a precondition was not a decision on the merits and did not bar a subsequent action on the same claim. The prerequisites for a suit under Title VII include a timely filed administrative charge and timely institution of the suit after receipt of a right-to-sue notice. *Criales v. Am. Airlines, Inc.,* 105 F.3d 93

(2d Cir.1997). So, it follows that the federal court dismissal for failure to file with the EEOC was not a judgment "on the merits" that would operate to bar appellants' state law claims under res judicata. Appellants are correct that, usually, a dismissal with prejudice is as conclusive of the rights of the parties as if there had been an adverse judgment as to the plaintiff after a trial, but there are limitations to the doctrine of res judicata as recognized by our court of appeals:

> A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied unless a second action is precluded by operation of the substantive law.

*Cox v. Keahey,* 84 Ark.App. 121, 133 S.W.3d 430 (2003) (quoting Restatement (Second) of Judgments § 20(2) (1982)). In contrast, a judgment on the merits in federal court will operate under the doctrine of res judicata to bar claims against the same defendants in state court. *See Nat'l Bank of Commerce v. The Dow Chem. Co.,* 338 Ark. 752, 1 S.W.3d 443 (1999); *Howell v. Hodap,* 221 Ariz. 543, 212 P.3d 881 (2009).

We also note with approval the similar case of *Andujar v. National Property & Casualty Underwriters,* 659 So.2d 1214 (1995), in which the District Court of Appeal of Florida, Fourth District, reversed a summary judgment that was granted based on a finding that adjudication of an employee's Title VII claim was res judicata

---

**4.** We note that *Stokes* is no longer good law for at least one point of law; the U.S. Supreme Court later rejected the "substantial factor" test for a seller of securities that was used in *Stokes. See Pinter v. Dahl,* 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988).

as to her state-law discrimination claim. The court held

[P]laintiff's complaint in the district court alleged only claims under Title VII. She made no attempt to plead a cause of action under Florida law. Hence, the district court obviously had no occasion to decide whether to assume jurisdiction over her state law claims. Without an express decision to use pendent jurisdiction to decide state law claims, it is apparent to us that the federal court's decision on the merits of the federal claim would be understood as lacking jurisdiction over the state claims.

*Id.* at 1218. Thus, under the reasoning in *Andujar,* even if this court considered the federal order a decision "on the merits," appellants' state claims were not necessarily barred. We therefore affirm the circuit court's grant of summary judgment to Green.

On cross-appeal, Green contends that the circuit court erred in denying its motion for costs. However, we find that Green has failed to file an effective notice of appeal from the order denying costs. Whether an appellant has filed an effective notice of appeal is always an issue before the appellate court, and absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Bilyeu v. State,* 342 Ark. 271, 27 S.W.3d 400 (2000).

Green's notice of cross-appeal, filed February 24, 2009, stated that Green was appealing the "Final Order entered in this case on January 20, 2009" and that the notice was timely. However, Green asserts on appeal that he is appealing the court's order denying its motion for costs,

and that ruling is not contained in the January 20, 2009 order specified in Green's notice of appeal. The denial of costs was a completely separate order filed on January 23, 2009. Rule 3(e) of the Rules of Appellate Procedure provides that a notice of appeal shall, among other things, "designate the judgment, decree, order, or part thereof appealed from." Ark. R.App. P.–Civ. 3(e) (2008). A notice of appeal must therefore designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before an appellate court. *See Wright v. State,* 359 Ark. 418, 198 S.W.3d 537 (2004) (citing *Daniel v. State,* 64 Ark.App. 98, 983 S.W.2d 146 (1998)).[5] Therefore, we find that Green has failed to file an effective notice of appeal and that the cross-appeal should be dismissed.

Affirmed on direct appeal; cross-appeal dismissed.

---

**5.** We also note that even if construed as a direct appeal from the January 23, 2009, order, Green's notice of appeal would have to be filed within thirty days of the order, which would be February 22, 2009. That day was a Sunday, so Green would have had until February 23 to file its notice, but notice was not filed until February 24.