**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES W. FORSYTHE, M.D.;
EARLENE FORSYTHE,

           Plaintiffs - Appellants,

  v.

UNITED STATES OF AMERICA; JOHN
ZELINSKY,

           Defendants - Appellees.

No. 11-16511

D.C. No. 3:10-cv-00508-ECR-
VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted December 7, 2012
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

    Dr. James Forsythe and his wife, Earlene Forsythe, appeal the district court's

dismissal with prejudice of their civil claims against the United States and Food

and Drug Administration ("FDA") Agent John Zelinsky arising from the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

investigation and unsuccessful criminal prosecution of Dr. Forsythe for introducing an unapproved new drug into interstate commerce in violation of 21 U.S.C. §§ 331(d) and 333(a)(2) and for knowingly distributing human growth hormone in violation of 21 U.S.C. § 333(e).  The first count was dismissed by the United States District Judge in the criminal case after evidence was produced that Bio-Tropin prescribed by Dr. Forsythe was not an unapproved new drug.  The trial of the second count resulted in a verdict for Dr. Forsythe.

After Dr. Forsythe defeated the criminal charges, he sought a civil remedy. Dr. Forsythe and his wife first brought an action in the Northern District of California asserting a large number of claims.  That action was dismissed, with claims rejected mostly for procedural reasons, such as the applicable statute of limitations and a failure to exhaust administrative remedies.  Dr. Forsythe and his wife, Earlene, later sued in the District of Nevada, raising many of the same claims that had been addressed without success in their first lawsuit.  The district court dismissed all claims brought in this suit on the pleadings, for largely procedural reasons, such as statute of limitations and res judicata.  Dr. Forsythe and his wife timely appealed, and we must decide if their action was properly dismissed. Because we conclude that the district court lacked jurisdiction to hear any of Plaintiffs' claims, we affirm the district court's dismissal of Plaintiffs' action.

2

We discuss first each claim against the United States that was dismissed but brought to us on this appeal. These include claims of negligence, negligent entrustment, malicious prosecution, abuse of process, and a claim for declaratory and injunctive relief. We thereafter discuss the claims asserted against Agent Zelinsky that were dismissed by the district court and brought to us on appeal. These are *Bivens* claims asserting violations of constitutional rights.

Plaintiffs challenge the district court's dismissal of their negligence and negligent entrustment claims against the United States, which the district court concluded were barred by the two-year statute of limitations. *See* 28 U.S.C. §§ 2401(b), 2675(a); *see also Jerves v. United States*, 966 F.2d 517, 518–19 (9th Cir. 1992) (stating that under the Federal Tort Claims Act, which waives the sovereign immunity of the United States for some tort actions, a claim is barred unless the plaintiff presents it to the appropriate federal agency within two years of accrual). Plaintiffs contend that the district court miscalculated the accrual date of their negligence-related injuries because they did not discover the extent of the government's negligence until trial. But we conclude that Plaintiffs had reason "to know of the[ir] injur[ies]" when Dr. Forsythe was indicted on September 27, 2006. *See Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (quoting *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986)) (stating the general rule for

3

when a claim accrues and noting that accrual does not await a plaintiff's awareness of the government's involvement). And the district court did not abuse its discretion in deciding that equitable tolling did not apply. *See Hensley*, 531 F.3d at 1056–58 (stating the standards for equitable tolling). Because Plaintiffs did not first attempt to present their claims to the administrative agency until April 2009, we hold that the statute of limitations bars their claims.

Dr. Forsythe next challenges the dismissal of his malicious prosecution and abuse of process claims against the United States, which the district court also rejected as barred by the two-year statute of limitations. On de novo review we conclude that the correct accrual date for these claims was November 6, 2007, when the remaining criminal charge against Dr. Forsythe was dismissed. *See id.* (stating that the court reviews de novo a district court's decision as to whether the statute of limitations bars a claim). Dr. Forsythe contends that he satisfies the statute of limitations with this accrual date because he first presented his claims to the Department of Health and Human Services on April 27, 2009. But because the form given to the agency did not include a "sum certain," it was labeled "invalid" in a letter to Plaintiffs' counsel. For this reason, we conclude that the claims were not presented to the agency until the second, corrected form, including a specified damage amount, was filed on November 13, 2009. *See Blair v. Internal Revenue*

*Serv.*, 304 F.3d 861, 864 (9th Cir. 2002) (stating that "[a] claim is deemed presented for purposes of [the FTCA statute of limitations] when a party files (1) a written statement sufficiently describing the injury . . . , and (2) a sum certain damages claim" (internal quotation marks and citations omitted)). Because these claims were presented more that two years after the date of accrual, they are likewise barred by the statute of limitations and were properly dismissed by the district court.

Plaintiffs next challenge the dismissal of their claim for declaratory and injunctive relief against the United States, which the district court dismissed for failure to state a claim upon which relief can be granted. Plaintiffs try to refashion their claim as seeking statutory interpretation instead of a restraint on prosecution. But this contention is unsupported by the complaint, and we affirm on the same grounds as the district court: We do not have jurisdiction to enjoin enforcement proceedings under the Federal Food, Drug, and Cosmetic Act. *See Ewing v. Mytinger & Casselberry, Inc.*, 339 U.S. 594, 601–02 (1950); *see also Steiner v. Hocke*, 272 F.2d 384, 385 (9th Cir. 1959) (per curiam) ("[C]ourts of equity [do] not ordinarily restrain criminal protections.").

Plaintiffs finally challenge the dismissal of their *Bivens* claims against FDA Agent Zelinsky, which the district court held were barred by res judicata. Plaintiffs

contend that these claims are not barred because the Northern District of California, where these claims were first filed, dismissed them for failure to satisfy the statute of limitations "without leave to amend" but did not specify that the dismissal was with prejudice. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (noting that the phrase "final judgment on the merits" is synonymous with "dismissal with prejudice"). Plaintiffs allege such a dismissal did not constitute a final judgment on the merits. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (stating that there must be a final judgment on the merits before res judicata applies). But, in this circuit, res judicata applies to a previous dismissal based on statute-of-limitations grounds unless the effect of the bar would be unfair. *See In re Marino*, 181 F.3d 1142, 1144–45 (9th Cir. 1999). Unfairness results where the statute of limitations that would apply in the subsequent action is both different from and more generous than the one that applied in the prior action. *See, e.g.*, *id.*; *see also Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 504 (2001); *Zhang v. Dep't of Labor & Immigration*, 331 F.3d 1117, 1119 (9th Cir. 2003). We conclude that there is no unfairness here because the statute of limitations that applies in *Bivens* actions is equivalent to the period applicable to personal injury actions within the forum state, *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991), and both states where this action was

6

filed have two-year statutes of limitations, *see* Cal. Civ. Proc. Code § 335.1 (West 2012); Nev. Rev. Stat. § 11.190(4) (2012). The three *Bivens* claims against Agent Zelinsky were barred by res judicata and properly dismissed.

The pending motion for judicial notice is granted.

**AFFIRMED.**