

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–16–5

|  |  |
|---|---|
| ANDRELEA LAWRENCE<br><br>           **APPELLANT**<br><br>V.<br><br>SHARON MCDONALD<br><br>           **APPELLEE** | Opinion Delivered May 18, 2016<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. PR–2015–71–4]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br>APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

The Benton County Circuit Court dismissed Andrelea Lawrence's petition for guardianship of her grandmother. Lawrence now appeals, arguing that the circuit court erred in awarding attorney's fees to the prevailing party. Because Lawrence has failed to appeal from the order awarding attorney's fees, we must dismiss this appeal for lack of jurisdiction.

On 30 January 2015, Lawrence filed a petition for the appointment of a temporary and a permanent guardian of the person and estate of her grandmother, Cecilia Jennings. Lawrence alleged that Jennings was "impaired by reason of mental disability or illness" and "in imminent danger." Lawrence also noted that Jennings's care was being administered through a trust and that James Cooper, the trustee of the trust, and Sharon McDonald, Jennings's sister, were attorneys-in-fact for Jennings. Lawrence asserted that a

SLIP OPINION

guardianship "is the least restrictive alternative for ensuring [Jennings's] medical and safety needs are being met, as well as ensuring proper management of her estate." That same day, the circuit court entered an order of temporary guardianship, appointed Lawrence as temporary guardian, and set a hearing on the temporary guardianship for February 3.

McDonald filed a response to the petition for guardianship and denied that there was any need for a guardian. After a hearing, the circuit court found that there was no proof of Jennings's incapacity or imminent harm and dismissed the temporary guardianship. A hearing on the request for permanent guardianship was set for 16 June 2015.

On March 31, Lawrence filed a motion for the appointment of a guardian ad litem to represent Jennings's interests and a supporting brief that expressed concern about the administration of several elements of Jennings's estate plan, including a revocable trust (the Jennings Revocable Trust), a charitable foundation, a durable financial power of attorney held by Cooper, and a durable medical power of attorney held by McDonald. Lawrence sought the appointment of a guardian ad litem so someone could "peak [sic] behind the veil created by Cooper for the limited purpose of ensuring that Jennings [sic] assets are being properly managed, the estate sufficiently preserved in accord with Jennings' [sic] wishes, and her care is being administered in the best possible fashion."

On April 17, McDonald moved to dismiss Lawrence's request for a permanent guardianship. McDonald acknowledged that Jennings had been deemed incompetent by reason of dementia but argued that the trust, the health-care directive, and the durable power of attorney, which were executed by Jennings prior to her incompetency, are the

"least restrictive alternatives to the guardianship proceeding and are feasible and adequate to meet the needs of Ms. Jennings."

The circuit court held a hearing on both motions on May 6. At the commencement of the hearing, the court noted the appearance of Andrew Curry, who had reviewed the case file at the request of the court in case an ad litem was deemed necessary. After hearing arguments from counsel, the court found that a guardianship was unnecessary and granted McDonald's motion to dismiss. The court instructed McDonald's counsel and Curry to file petitions for attorney's fees.

On June 1, the circuit court entered a written order dismissing Lawrence's petition with prejudice. The order found that Lawrence had failed to adequately allege facts establishing that a guardianship is necessary, that the existing health-care directive adequately protected Jennings's well-being, that the revocable trust adequately protected her assets, and that "Ms. Jennings has put in place the appropriate documents to promote and protect her person and her estate and that state her intent so as to avoid this type of guardianship action." The order also stated,

> 16. The Respondent [McDonald] is awarded her costs and attorney's fees incurred in the defense of this matter in an amount yet to be determined by this Court. The Respondent shall submit a petition for attorney's fees and costs for the Court's consideration.

> 17. Andrew Curry is awarded his costs and attorney's fees incurred in this matter in an amount yet to be determined by this Court. Mr. Curry shall submit a petition for his attorney's fees and costs for the Court's consideration.

Also on June 1, the circuit court entered a separate written order entitled "Order Awarding Attorney's Fees," granting $17,100.25 in attorney's fees to McDonald and $805

in attorney's fees to Curry. On June 30, Lawrence filed a notice of appeal stating that "she appeals to the Arkansas Court of Appeals the Order of Dismissal entered in this case on June 1, 2015."

On appeal, Lawrence focuses her argument solely on the award of attorney's fees, asserting that there is no legal authority for the awards and that the amount awarded to McDonald is unreasonable. But we have no jurisdiction to address Lawrence's arguments because she has not properly appealed from the order awarding attorney's fees.

The issue of attorney's fees is a collateral matter, meaning the challenging party must file a notice of appeal from the fee order. *See Mason v. Jackson*, 323 Ark. 252, 914 S.W.2d 728 (1996). Without one, this court will not address any argument on the fee issue. *See id*. Moreover, a notice of appeal shall designate the judgment, decree, order, or part thereof from which the case is appealed. Ark. R. App. P.–Civ. 3(e)(ii) (2015). Orders not mentioned in a notice of appeal are not properly before the appellate court. *Lindsey v. Green*, 2010 Ark. 118, 369 S.W.3d 1.

Here, the order of dismissal and the award of attorney's fees were entered using separate written orders. In her one notice of appeal, Lawrence stated that she was appealing from the "Order of Dismissal entered in this case on June 1, 2015." There is no reference to the separate attorney's fee award. Because Lawrence failed to appeal from the order granting attorney's fees either by a separate notice of appeal or by designating it in the notice of appeal that she filed, we must dismiss this appeal, which addresses only the attorney's fee award.

Appeal dismissed.



WHITEAKER and BROWN, JJ., agree.

*Reece Moore Pendergraft LLP*, by: *Larry McCredy*, for appellant.

*Kendall Law Firm, PLLC*, by: *Donald B. Kendall* and *Susan Keller Kendall*