
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-974

| | | |
|---|---|---|
| MARTY FLOW | APPELLANT | **Opinion Delivered** JUNE 17, 2015 |
| V. | | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NOS. DR2011-264-4/DR2012-575-3] |
| KRISTI TURNER | APPELLEE | HONORABLE GORDON WEBB, JUDGE |
| | | APPEAL DISMISSED |

## CLIFF HOOFMAN, Judge

Appellant Marty Flow appeals from the circuit court's May 2, 2014 order denying his petition to modify visitation with his daughter, S.F. On appeal, Flow argues that the circuit court erred in finding that there had not been a material change in circumstances since the entry of the parties' divorce decree. We must dismiss this appeal, however, because Flow's notice of appeal was untimely with respect to the May 2, 2014 order.

Flow and appellee Kristi Turner were divorced pursuant to a decree entered on January 26, 2012. Turner was awarded primary custody of the parties' only child, then three-year-old S.F., and Flow received visitation rights. Flow's visitation was restricted to daytime visits for the months of January, February, and March 2012. The decree stated that, starting in April 2012, he was to receive one four-day, three-night visit with S.F. each month in either Harrison, Arkansas, or at the home of T.J. Noble in Branson, Missouri. The decree specifically provided that Flow was not permitted to take S.F. to Louisiana or to any other

SLIP OPINION

location other than Branson or Harrison.

On December 21, 2012, Turner filed a petition for contempt, to terminate visitation, and for an ex parte order. She alleged that Flow had violated the terms of the divorce decree by taking S.F. to Bradley, Arkansas, and to Louisiana; that he had refused to allow phone calls between S.F. and Turner; and that he had failed to pay spousal support as ordered. Turner further stated that she had obtained a protective order against Flow based on allegations that S.F. had been abused during the October 2012 visitation, and she sought an emergency ex parte order terminating Flow's visitation.

On May 29, 2013, Flow filed a petition to resume visitation and to modify the restricted visitation set forth in the parties' decree. He asserted that the allegations against him of maltreatment had been found to be unsubstantiated, that Turner was not justified in obtaining the order of protection against him, and that Turner's attempts to alienate S.F. from him were having a detrimental effect on the child. Based on Turner's conduct and on his improved circumstances, Flow alleged that there had been a material change of circumstances since the entry of the divorce decree.

On October 16, 2013, Flow filed an amended answer to Turner's petition for contempt, to terminate visitation, and for an ex parte order. He also attached the agency decision finding that the allegations of maltreatment were unsubstantiated. Turner then filed a second petition for contempt and a petition to review Flow's child-support obligation on October 22, 2013.

A hearing was held on November 4, 2013, and the circuit court addressed the issues

SLIP OPINION

of whether Turner was entitled to a permanent order of protection, whether Flow was in contempt of the parties' divorce decree by violating the visitation restrictions, and whether Flow was entitled to a resumption or modification of his visitation with S.F. On May 2, 2014, the circuit court entered an order denying and dismissing Turner's petition for a permanent order of protection; finding that Flow was in willful contempt of the divorce decree; finding that Flow had failed to meet his burden of proof to show that a material change in circumstances had occurred to modify visitation; and reinstating the visitation arrangements in the divorce decree. The court stated that the "Amended Answer to the Petition for Contempt and a Petition to Terminate Visitation and a Petition for Ex Parte Order" had been filed but was not being ruled upon because the issues were not ripe for determination at that time. The court also directed Flow's counsel to submit a proposed order for Arkansas Rule of Civil Procedure 54(b) certification for its consideration, although no such certificate is attached to the court's order.

On July 18, 2014, Turner filed a motion to nonsuit her remaining claims, and the circuit court granted her motion in an order entered the same day, dismissing all issues pending before the court without prejudice. On August 14, 2014, Flow filed a notice of appeal, stating that he was appealing "the Order dated November 4, 2013, and entered herein on May 2, 2014." Flow also indicated in his notice of appeal that he was abandoning any pending but unresolved claims.

The sole issue presented by Flow on appeal is whether the circuit court erred in finding that there had not been a material change in circumstances since the entry of the parties'

3

divorce decree to warrant a modification of visitation. In her brief, Turner responds by arguing that this appeal should be dismissed for lack of a final order, or in the alternative, that it should be dismissed because Flow's notice of appeal was untimely.

Pursuant to our supreme court's decision in *Sloan v. Arkansas Rural Medical Practice Loan & Scholarship Board*, 369 Ark. 442, 255 S.W.3d 834 (2007), the issue of whether an order is final and appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2 (2014) is always secondary to whether a timely notice of appeal and record has been filed under Arkansas Rule of Appellate Procedure–Civil 4(a) (2014). *See also In re Estate of Stinnett*, 2011 Ark. 278, 383 S.W.3d 357; *Fire Systems Tech., Inc. v. First Community Bank of Crawford Cnty.*, 2015 Ark. App. 334, ___ S.W.3d ___. Thus, we first determine whether this appeal must be dismissed because Flow did not file a timely notice of appeal from the May 2, 2014 order.

Arkansas Rule of Appellate Procedure–Civil 4(a) states that "a notice of appeal shall be filed within thirty (30) days from the judgment, decree or order appealed from." The timely filing of a notice of appeal is a threshold jurisdictional issue that we must raise even if the parties do not. *In re Estate of Stinnett, supra*; *Sloan, supra*; *U.S. Bank, N.A. v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003).

Flow's notice of appeal was filed on August 14, 2014, and it designated the only order being appealed from as "the Order dated November 4, 2013, and entered herein on May 2, 2014." Because the notice of appeal was filed more than thirty days from the order appealed from, it was untimely under Rule 4(a). Although Flow argues that his notice of appeal was timely with respect to the circuit court's July 18, 2014 order dismissing Turner's claims

4

without prejudice, he did not designate the July 18 order in his notice of appeal. According to Arkansas Rule of Appellate Procedure–Civil 3(e), a notice of appeal "shall designate the judgment, decree, order or part thereof appealed from." In interpreting this rule, our appellate courts have held that orders not mentioned in the notice of appeal are not properly before us. *Lindsay v. Green*, 2010 Ark. 118, 369 S.W.3d 1; *In re Estate of Reimer*, 2010 Ark. App. 41. Accordingly, because there was not a timely notice of appeal filed with respect to the only order being challenged on appeal, we lack jurisdiction and must dismiss this appeal.

Appeal dismissed.

KINARD and WHITEAKER, JJ., agree.

*Taylor Law Partners, LLP*, by: *Stevan E. Vowell*, for appellant.

*Flinn Law Firm, P.A.*, by: *Jennifer Williams Flinn*, for appellee.