SLIP OPINION



Cite as 2015 Ark. App. 515

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-1097

| | |
|---|---|
| | **Opinion Delivered** September 23, 2015 |
| CHARITY S. LOVAN (now RYDBERG) **APPELLANT** | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT [NO. DR-04-41-G (III)] |
| V. | |
| | HONORABLE JIM D. SPEARS, JUDGE |
| JOSHUA B. LOVAN **APPELLEE** | |
| | DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant Charity Lovan (now Rydberg) appeals the Sebastian County Circuit Court's order changing custody of B.L. and J.L. to their father, Joshua Lovan. She argues on appeal that (1) the trial court abused its discretion by denying her motion for reconsideration, and (2) the trial court erred by finding that a material change in circumstances existed and that the best interests of the children were better served with appellee. Because this court lacks jurisdiction to hear the appeal pursuant to Arkansas Rule of Appellate Procedure–Civil (3)(e)(ii), we dismiss.[1]

The parties were divorced in May 2004. Appellee filed a motion to modify custody on September 3, 2013, alleging that there had been a material change in circumstances and

---

[1]This is the second time this case has been before us. We initially ordered a supplemental addendum. *See Lovan v. Lovan*, 2015 Ark. App. 370.

SLIP OPINION

that he should be awarded custody of the children. Appellant filed an answer and a counterclaim on October 8, 2013, denying the essential allegations of appellee's motion and seeking to have appellee cited for contempt and to have child support increased. Appellee filed an answer on October 7, 2013, denying the allegations in appellant's counterclaim. The court held a hearing on May 1, 2014, and June 18, 2014. The court entered an order on July 28, 2014, changing custody of the children to appellee. Appellant filed a motion for reconsideration (new trial) on August 8, 2014. Appellee responded on August 12, 2014. The court wrote a letter to the attorneys on August 19, 2014, denying appellant's motion.[2] Appellant now attempts to appeal the change-of-custody determination as well as the court's denial[3] of her motion for reconsideration.

The notice of appeal, dated September 18, 2014, states that appellant is appealing the order entered on August 14, 2014. We acknowledge that under Arkansas Rule of Appellate Procedure–Civil 3(e) absolute strict compliance is not always necessary but Arkansas appellate courts do require substantial compliance. Normally, where an appellant attempts to designate the order and simply misidentifies the order by date, our courts will find substantial compliance.[4] However, this case does not involve accidental inaccuracy. A close look at the record reveals that the court entered an order for child support against appellant on August

___

[2]The letter was filed on August 20, 2014.

[3]Although the court issued a letter to the attorneys within the thirty-day period, it failed to issue an order on appellant's motion for reconsideration or new trial. Therefore, we treat appellant's motion as deemed denied for purposes of appeal.

[4]*Callaway v. Abshure*, 2013 Ark. App. 21.

14, 2014. The notice of appeal specifically references that order. Appellant has failed to file a notice of appeal from the custody order or the deemed denial of her motion for reconsideration or new trial. Therefore, we lack jurisdiction and must dismiss.[5]

Dismissed.

ABRAMSON and KINARD, JJ., agree.

*Byars, Hickey & Hall, PLLC*, by: *Kevin L. Hickey*, for appellant.

*Susan M. J. Wakefield*, for appellee.

---

[5]It is puzzling that the notice of appeal included in appellant's addendum cites the order dealing with child support as if that order deals with the issues now on appeal when it clearly does not. Had the court not followed its customary routine of consulting the record, it would have assumed that there was just a mistake in the date of the order appealed. We advise counsel to be more cautious in the future and mindful of his responsibilities of candor to the court.