

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-16-289

| | |
|---|---|
| | **Opinion Delivered** NOVEMBER 16, 2016 |
| CRISTOBAL MANCIA | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 04CV-15-1105] |
| V. | |
| BRUCE JAMESON BENNETT | HONORABLE BRAD KARREN, JUDGE |
| APPELLEE | APPEAL DISMISSED |

## DAVID M. GLOVER, Judge

In 2007, Cristobal Mancia hired Bruce Bennett to represent him in a criminal case. On July 29, 2015, Mr. Mancia filed a complaint against Bennett "for legal malpractice for failure to perform services as promised and for fraud." He sought $10,000 as reimbursement of all funds paid to Bennett and punitive damages to be determined by a jury. Bennett moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, contending the statute of limitations had run on Mr. Mancia's claims. The trial court entered its initial order on January 19, 2016, concluding that all applicable statutes of limitation had expired prior to the filing of the complaint. That initial order was subsequently vacated so the trial court could consider Mr. Mancia's response to the motion to dismiss. On February 4, 2016, the trial court entered a second order dismissing Mr. Mancia's complaint with prejudice. Mr. Mancia filed his pro se notice of appeal on February 10, 2016. In it, he designated the vacated January 19, 2016 order as the order from which

SLIP OPINION

he was appealing. The February 4, 2016 order was not specified. We dismiss the appeal for failure to substantially comply with Rule 3(e) of the Arkansas Rules of Appellate Procedure.

Rule 3(e) provides in pertinent part, "A notice of appeal or cross-appeal shall: . . . (ii) designate the judgment, decree, order or part thereof appealed from[.]" We require substantial compliance with the procedural steps set forth in Rule 3(e). *See, e.g., Duncan v. Duncan*, 2009 Ark. 565; *Smith v. Freeman*, 2014 Ark. App. 569. Whether an appellant has filed an effective notice of appeal is always an issue before the appellate court, and absent an effective notice of appeal, we lack jurisdiction to consider the appeal and must dismiss it. *Lindsey v. Green*, 2010 Ark. 118, 369 S.W.3d 1. A notice of appeal must designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before an appellate court. *Id.*; *see also Lovan v. Lovan*, 2015 Ark. App. 515; *Todd v. State*, 2015 Ark. App. 356, 465 S.W.3d 435; *Brown v. United Bank*, 2014 Ark. App. 643. In *Lovan, supra*, the notice of appeal designated an August 14, 2014 order as the one from which appellant was appealing. We explained that strict compliance under Rule 3(e) is not always necessary but that we do require substantial compliance. We further explained,

> Normally, where an appellant attempts to designate the order and simply misidentifies the order by date, our courts will find substantial compliance. However, this case does not involve accidental inaccuracy. A close look at the record reveals that the court entered an order for child support against appellant on August 14, 2014. The notice of appeal specifically references that order. Appellant has failed to file a notice of appeal from the custody order or the deemed denial of her motion for reconsideration or new trial. Therefore, we lack jurisdiction and must dismiss.

*Lovan*, 2015 Ark. App. 515, at 2–3.

Here, the only order designated in the notice of appeal was the January 19, 2016 order that was vacated. The final order of February 4, 2016, was not designated in any

fashion. Therefore, the notice of appeal did not designate a nonexistent order, and there was no scrivener's error. Accordingly, Mr. Mancia has failed to "designate the judgment, decree, order or part thereof appealed from," and without at least substantial compliance with the Rule 3(e) procedures, we must dismiss for lack of jurisdiction.

Appeal dismissed.

VIRDEN and WHITEAKER, JJ., agree.

*Christobal Mancia*, pro se appellant.

*Herbert C. Southern*, for appellant.