

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-17-110

| | |
|---|---|
| RONALD SHELTON TIDWELL<br>APPELLANT | **Opinion Delivered:** September 27, 2017 |
| V. | APPEAL FROM THE HEMPSTEAD<br>COUNTY CIRCUIT COURT<br>[NO. 29DR-12-249] |
| LAUREN MADISON ROSENBAUM<br>APPELLEE | HONORABLE DUNCAN CULPEPPER,<br>JUDGE |
| | DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's order denying his combined motion to vacate and motion for a new trial. Appellant's sole argument on appeal is that the circuit court erred when it interpreted its agreed order as having given appellee sole custody of the parties' minor child. We dismiss.

The circuit court entered its order concerning custody and child support on September 19, 2016. Appellant filed his motion to vacate judgment and for a new trial on September 21, 2016. The circuit court entered an order denying the motion on October 27, 2016. Appellant filed his notice of appeal on November 21, 2016.

Rule 4(b)(1) provides that "if the circuit court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty days of that date."[1]

---

[1]*Williams v. Office of Child Support Enf't*, 2013 Ark. App. 472 (citing Ark. R. App. R.–Civ. 4(b)(1)).

When the trial court fails to act within the thirty-day period under Rule 4(b)(1), it loses jurisdiction to consider a motion for new trial.[2] Accordingly, since appellant's motion was deemed denied by operation of law on October 21, 2016, the circuit court had no jurisdiction to enter its October 27, 2016 order.

According to Arkansas Rule of Appellate Procedure–Civil 3(e), a notice of appeal "shall designate the judgment, decree, order or part thereof appealed from."[3] In interpreting this rule, our appellate courts have held that orders not mentioned in the notice of appeal are not properly before us.[4] Appellant's notice of appeal states that he is appealing from the "order refusing new trial." We acknowledge that under Arkansas Rule of Appellate Procedure–Civil 3(e) absolute strict compliance is not always necessary, but Arkansas appellate courts do require substantial compliance.[5] Normally, where an appellant attempts to designate the order and simply misidentifies the order by date, our courts will find substantial compliance.[6] Appellant's notice of appeal references no dates and specifically identifies the order denying his motion for a new trial. Because the circuit court had no

---

[2]*Id.* (citing *Murchison v. Safeco Ins. Co. of Ill.*, 367 Ark. 166, 238 S.W.3d 11 (2006)).

[3]*Flow v. Turner*, 2015 Ark. App. 413, at 5 (citing Ark. R. App. P.–Civ. 3(e) (2016)).

[4]*Id.* (citing *Lindsay v. Green*, 2010 Ark. 118, 369 S.W.3d 1; *In re Estate of Reimer*, 2010 Ark. App. 41).

[5]*Lovan v. Lovan*, 2015 Ark. App. 515, at 2.

[6]*Id.* (citing *Callaway v. Abshure*, 2013 Ark. App. 21).

jurisdiction to enter the designated order, and no reference is made to the deemed denial of his motion, this court lacks jurisdiction.

Dismissed.

GRUBER, C.J., and WHITEAKER, J., agree.

*Stayton & Associates, P.C.*, by: *Rowe Stayton*, for appellant.

*Jason Horton Law Firm*, by: *Jason Horton*, for appellee.